UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YSA DIEUDONNÉ,
ALEX MOMPREMIER, and
JEAN ELIOBERT JASME,
  a/k/a "ED1,"
  a/k/a "Eddy One,"
  a/k/a "Tio Loco,"

    Defendants.

Case No.:

[21 U.S.C. §§ 963, 959(a), and 960(b)(1)(B); 18 U.S.C. § 924(c)(1)(A)(i); and 18 U.S.C. § 2]

**21-CR-198**

[SEALED]

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. Beginning in or about February 2019, and continuing through the date of this indictment, in the countries of Colombia, Haiti, the Dominican Republic, the Bahamas, and elsewhere, and in an offense begun outside the jurisdiction of any particular State or district of the United States,

    YSA DIEUDONNÉ,
   ALEX MOMPREMIER, and
   JEAN ELIOBERT JASME,
     a/k/a "ED1,"
    a/k/a "Eddy One,"
    a/k/a "Tio Loco,"

knowingly and intentionally conspired together and with other persons known and unknown to the grand jury to distribute a controlled substance in Schedule II, intending, knowing, and having reasonable cause to believe that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a).

2. The amount of controlled substance involved in the conspiracy attributable to each defendant as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, includes five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 963 and 960(b)(1)(B).

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

1. On or about October 28, 2020, in the country of Haiti, and in an offense begun outside the jurisdiction of any particular State or district of the United States,

**YSA DIEUDONNÉ,
ALEX MOMPREMIER, and
JEAN ELIOBERT JASME,
a/k/a "ED1,"
a/k/a "Eddy One,"
a/k/a "Tio Loco,"**

did knowingly and intentionally distribute a controlled substance in Schedule II, intending, knowing, and having reasonable cause to believe that such controlled substance would be unlawfully imported into the United States.

2. The offense involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 959(a) and 960(b)(1)(B), and Title 18, United States Code, Section 2.

3

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 28, 2020, in the country of Haiti, and in an offense begun outside the jurisdiction of any particular State or district of the United States,

**JEAN ELIOBERT JASME,**
**a/k/a "ED1,"**
**a/k/a "Eddy One,"**
**a/k/a "Tio Loco,"**

did knowingly carry a firearm, to wit: a SIG Sauer P226 semi-automatic pistol, during and in relation to the drug trafficking crime charged in Counts One and Two of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

4

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

On or about October 28, 2020, in the country of Haiti, and in an offense begun outside the jurisdiction of any particular State or district of the United States,

**YSA DIEUDONNÉ and
ALEX MOMPREMIER**

did knowingly carry firearms during and in relation to the drug trafficking crime charged in Counts One and Two of this indictment, to wit:

1. Smith & Wesson, M&P 15, 5.56 mm rifle, bearing serial number SX78638; and

2. EP Armory, AR-15, 5.56 mm rifle, unknown serial number.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

5

# FORFEITURE NOTICE

1. Upon conviction of the controlled substance offenses set forth in Counts One and Two of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations, including but not limited to, the following: a sum of money representing the amount of proceeds obtained as a result of the offenses.

2. If any of the property described above, as a result of any act or omission by the defendants: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL:

[signature redacted]

Dated: 9-28-21

_____
for RICHARD G. FROHLING
Acting United States Attorney

6