UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                   Case No. 21-CR-198

JEAN ELIOBERT JASME et al.,

    Defendants.

## PROTECTIVE ORDER REGULATING THE DISSEMINATION OF DISCOVERY MATERIALS

Upon the motion of the United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney, and Robert J. Brady, Jr., Assistant United States Attorney for said district, and upon the Statement of Assistant United States Attorney Robert J. Brady, Jr., submitted *ex parte* and under seal pursuant to Rule 16(d)(1), Federal Rules of Criminal Procedure,

**IT IS ORDERED THAT:**

(1) One copy of the discovery materials shall be disseminated to each defense attorney. Said materials may mask the identification of certain confidential informants and cooperating witnesses, as well as the addresses, telephone numbers, and other identifying information related to those persons. As additional materials become available, and/or it becomes appropriate for the identity of certain persons to be disclosed, the defense attorney will be notified by the United States Attorney's Office, and one copy of the additional materials will be made available to each defense attorney.

1

(2) The defense attorney may make copies of the discovery materials as necessary to prepare the defense of the case. All discovery materials, including necessary copies, shall remain under the control of the defense attorney, except that those materials may be provided, as necessary to prepare the defense of the case, to those professionals assisting the defense attorney, such as a paralegal, an expert, or a translator. Such individuals assisting the defense attorney are likewise bound by the requirements of the Court's protective order. Discovery materials, while in the custody and control of the defense attorney, may be reviewed by the defendant represented by a defense attorney, licensed investigators employed by the defense attorney, and any other individuals deemed necessary by the defense attorney. Copies of the witnesses' statements or statements produced in discovery may be relinquished to licensed investigators employed by the defense attorney for limited periods of time as necessary to facilitate an investigation interview with that witness. Copies of the discovery materials filed with the court must be filed under seal to retain the confidential nature of the materials unless consent to filing in the public record is obtained from an attorney for the government. All materials produced or copied under the proposed order must be returned to the United States Attorney at the conclusion of the case, which may include time for appeal and resolution of a timely 28 U.S.C. § 2255 petition. Unless otherwise ordered above, the discovery materials shall not be relinquished or disseminated, physically or electronically, to any third party, including clients, investigators, or any other individual.

(3) The government shall make arrangements with any and all institutions where the defendant may be held in federal custody so that a set of discovery materials can be maintained at each institution for inspection by the defendant. The defendant is prohibited from copying the

2

materials or maintaining personal copies of any such materials and shall be prohibited from transporting any of these materials to his cellblock. The defendant is further prohibited from posting or causing to be posted discovery material on any and all social media platforms to include, but not limited to, Facebook, Instagram, Snapchat, and Twitter.

    **SO ORDERED** this 1st day of May, 2023, at Milwaukee Wisconsin.

_William E. Duffin_
WILLIAM E. DUFFIN
United States Magistrate Judge