UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                     Case No. 21-cr-0198-bhl-3

JEAN ELIOBERT JASME,

    Defendant.

### ORDER DENYING JASME'S MOTION TO DISMISS

  Having rejected the services of multiple sets of appointed counsel, Defendant Jean Eliobert Jasme is proceeding *pro se* in this criminal case. On February 18, 2025, Jasme filed a motion to dismiss all charges against him with prejudice for violations of his statutory and constitutional speedy trial rights. (ECF No. 257.) Briefing on the motion is now complete. In its response briefing, the government has painstakingly detailed the exclusions of time in this case pursuant to the Speedy Trial Act. (ECF No. 261 at 1–11.) In rebuttal, Jasme first indicated he did not intend to file a reply, (ECF No. 263), but has subsequently filed two reply briefs, both of which raise largely the same arguments. (ECF Nos. 266 & 267.) Ultimately, Jasme offers no credible challenge to the government's position and provides no basis to believe that his statutory or constitutional speedy trial rights have been violated. Accordingly, his motion will be denied.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

  On September 28, 2021, a grand jury in the Eastern District of Wisconsin returned a four-count indictment against Jasme and two co-defendants. (ECF No. 1.) The indictment charged Jasme on three counts: Count One, which alleges he participated in an international cocaine-trafficking conspiracy in violation of 21 U.S.C. §§ 963, 959(a), and 960(b)(1)(B); Count Two, which alleges he engaged in international cocaine trafficking in violation of 21 U.S.C. §§ 959(a)

---

[1] Jasme's motion, (ECF No. 257), and accompanying affidavit, (ECF No. 258), also discuss his experiences in Haiti preceding his expulsion to the United States to face the criminal charges that are the subject of this proceeding. These facts are not relevant to the resolution of Jasme's motion to dismiss and were addressed in a previous defense pretrial motion, (ECF No. 142), which the Court also denied. (*See* ECF No. 218.)

and 960(b)(1)(B); and Count Three, which alleges he carried a firearm during and in relation to drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*Id.* at 1–4.) On March 22, 2022, Jasme was arrested in Haiti by Haitian authorities, and the Haitian government later approved his expulsion from Haiti to the United States. (ECF No. 147 at 2–3.) On April 8, 2022, he was arraigned and made his initial appearance before Magistrate Judge Stephen C. Dries and entered not guilty pleas to the charges against him. (ECF No. 7.) Magistrate Judge Dries noted an initial speedy trial date of June 17, 2022 and set a counsel-only scheduling conference for April 21, 2022 before Magistrate Judge William E. Duffin, to whom the case was assigned for pretrial proceedings. (*Id.*) Jasme was represented at the arraignment by appointed counsel, experienced Federal Defenders Gabriela Leija and Craig Albee. (*See* ECF Nos. 5 & 6.)

  At the April 21, 2022 scheduling conference, the government noted the complexity of the case and the large volume of discovery. (ECF No. 10.) Without objection, Judge Duffin made a speedy trial finding under 18 U.S.C. § 3161(h)(7)(A), (B)(ii) and specifically excluded the time between April 21, 2022 and June 1, 2022 as serving "the ends of justice." (*Id.* at 2.) Judge Duffin also found that failure to grant a continuance would unreasonably deny Jasme time to effectively prepare his defense. (*Id.*)

  As the case progressed, Judge Duffin similarly excluded time from June 1, 2022 to August 4, 2022 and from August 4, 2022 to October 4, 2022, on these same grounds and without objection. (ECF Nos. 25 & 30.) During this period, Jasme made the first of multiple changes of counsel, retaining Attorney Christoper S. Carson to represent him in lieu of Ms. Leija and Mr. Albee. Mr. Carson filed a notice of appearance on July 27, 2022. (ECF No. 28.)

  At an October 4, 2022 counsel-only status conference, the government noted that Jasme's counsel had reported issues accessing discovery and offered him assistance. (ECF No. 35.) Judge Duffin set a December 15, 2022 deadline for filing pretrial motions. (*Id.* at 2.) Without objection, Judge Duffin made another speedy trial finding under 18 U.S.C. § 3161(h)(7)(A), B(ii), again noting the complexity of the case, the nature of the prosecution, the volume of discovery, and that failure to grant a continuance would unreasonably deny Jasme the time necessary for effective preparation. He excluded the time between October 4, 2022 and December 15, 2022 from the speedy trial clock. (*Id.*)

  On November 8, 2022, a grand jury in the Eastern District of Wisconsin returned a five-count superseding indictment, naming Jasme in four counts, specifically: Count One, which

alleges he participated in an international cocaine-trafficking conspiracy in violation of 21 U.S.C. §§ 963, 959(a), and 960(b)(1)(B); Count Two, which alleges he engaged in international cocaine trafficking in violation of 21 U.S.C. §§ 959(a) and 960(b)(1)(B); Count Three, which alleges he carried a firearm during and in relation to drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Count Five, which alleges he engaged in international cocaine trafficking in violation of 21 U.S.C. §§ 959(a) and 960(b)(1)(B). (ECF No. 38 at 1–4, 6.) The superseding indictment also added two foreign nationals as new defendants—Gabriel Zuniga and Rafael Dario Gonzalez. (*Id.* at 1.)

On November 22, 2022, Jasme was arraigned on the superseding indictment before Magistrate Judge Nancy Joseph. (ECF No. 44.) At the hearing, Mr. Carson moved to withdraw as Jasme's counsel. (*Id.*) Judge Joseph granted the motion but stayed her ruling until Jasme could retain successor counsel. She also directed the government to schedule a status conference with Judge Duffin to address Jasme's representation. On December 12, 2022, Jasme filed a motion to appoint counsel, (ECF No. 47), and, on December 22, 2022, Ms. Leija and Mr. Albee entered renewed appearances as Jasme's counsel. (ECF Nos. 50 & 51.) On December 15, 2022, Judge Duffin granted co-defendant Mompremier's motion to extend the deadline for filing pretrial motions, resetting the deadline to January 30, 2023. (ECF No. 49.) Without objection, Judge Duffin excluded the time between December 15, 2022 and January 30, 2023 under the Speedy Trial Act as serving "the ends of justice," specifically noting the parties' need for reasonable time for effective preparation. (*Id.*)

On January 3, 2023, Judge Duffin granted Ms. Leija's motion to extend Jasme's deadline for filing pretrial motions, (ECF No. 52), pushing the deadline back to March 30, 2023. (ECF No. 53.) Without objection, Judge Duffin also excluded the time between January 3, 2023 and March 30, 2023 under the Speedy Trial Act as serving "the ends of justice," specifically noting the parties' need for reasonable time for effective preparation. (*Id.*)

Jasme then insisted on further changes to his representation. On February 22, 2023, Judge Duffin granted a motion filed by Ms. Leija and Mr. Albee, (ECF No. 61), in which they asked to withdraw as Jasme's counsel at his request. (ECF No. 67.) On March 1, 2023, Judge Duffin appointed Daniel Sanders to represent Jasme. Mr. Sanders and his colleague, Morgan L. Minter, filed notices of appearance the following day. (ECF Nos. 68 & 69.) On March 30, 2023, Judge Duffin granted Mr. Sanders's request for an extension of the pretrial motions deadline, (ECF No.

77), and reset the deadline for May 1, 2023. (ECF No. 78.) Judge Duffin also excluded the time between March 30, 2023 and May 1, 2023 under the Speedy Trial Act as serving "the ends of justice," specifically noting the parties' need for reasonable time for effective preparation. (*Id.*) The parties did not object.

At a May 1, 2023 counsel-only scheduling conference, Mr. Sanders indicated that he had recently received a large portion of the discovery and that most of the materials were not in English. (ECF No. 88 at 1.) Mr. Sanders also asked for a copy of the discovery for Jasme to review at the Waukesha County Jail and stated he was not ready to decide if pretrial motions would be filed. (*Id.*) The government indicated that it would take two weeks to provide another copy of the discovery to the jail. (*Id.*) Judge Duffin then scheduled a continued counsel-only telephonic scheduling conference for June 6, 2023 and, without objection, excluded the time between May 1, 2023 and June 6, 2023 under the Speedy Trial Act as serving "the ends of justice." (*Id.* at 2.)

At the June 6, 2023 counsel-only scheduling conference, the government confirmed that it had provided a copy of the discovery to the jail. (ECF No. 93 at 1.) Mr. Sanders indicated that he needed to assist Jasme with reviewing the discovery at the jail because Jasme was not computer savvy. (*Id.*) Judge Duffin then extended the deadline for filing pretrial motions to August 7, 2023. (*Id.*) Without objection, and for the same reasons expressed in the previous scheduling conferences, Judge Duffin also excluded the time between June 6, 2023 and August 7, 2023, under the Speedy Trial Act as serving "the ends of justice." (*Id.* at 1–2.)

Within a few months, Jasme made another demand for different counsel. On August 2, 2023, Mr. Sanders and Ms. Minter moved to withdraw as Jasme's counsel at his request. (ECF No. 106.) On August 3, 2023, Judge Duffin stayed the pretrial motions deadline, (ECF No. 107), and ultimately scheduled a hearing for August 9, 2023 on the latest motion to withdraw. On August 9, 2023, Judge Dries denied Mr. Sanders's motion to withdraw. (ECF No. 108). On August 15, 2023, Judge Duffin reset Jasme's deadline for pretrial motions to August 21, 2023. (ECF No. 109.) Without objection, Judge Duffin also excluded the time between August 15, 2023 and August 21, 2023 under the Speedy Trial Act, specifically holding that the extension served "the ends of justice," given the parties' need for reasonable time for effective preparation. (*Id.*)

On August 15, 2023, Mr. Sanders filed a second motion to withdraw as Jasme's counsel. (ECF No. 110.) At an August 24, 2023 hearing on the motion, Jasme asked that Mr. Sanders be removed from the case. (ECF No. 113 at 2.) Mr. Sanders remarked that any new defense counsel

would need approximately sixty days to review the discovery with Jasme, and that Jasme understood that the appointment of new counsel would delay his case. (*Id.* at 3.) Judge Duffin then granted Mr. Sanders's motion to withdraw. (*Id.*)

On the same day that Judge Duffin allowed Mr. Sanders to withdraw, the Court held a counsel-only status conference for co-defendant Mompremier. At the conference, the government noted that another co-defendant, Zuniga, had been arrested in Colombia and was pending extradition to the United States. (ECF No. 114 at 1.) The government pointed out that Jasme and Gonzalez-Amparo's cases were still pending before Magistrate Judge Duffin and urged that all defendants be tried together if their cases could not be resolved through plea agreements. (*Id.*) In response, the Court scheduled another counsel-only status hearing for November 27, 2023 and, without objection, excluded the time between August 24, 2023 and November 27, 2023 under the Speedy Trial Act. (*Id.* at 2.)

On August 28, 2023, Judge Duffin appointed Thomas Erickson to represent Jasme. (ECF No. 122.) On September 5, 2023, Mr. Erickson entered his notice of appearance as Jasme's counsel. (ECF No. 115.) Mr. Erickson then requested, and Judge Duffin granted, three further extensions of the pretrial motions deadline as he endeavored to get up to speed on the case. (ECF Nos. 119, 120, 133, 134, 136, 137.) Judge Duffin also made Speedy Trial Act findings excluding time between September 14, 2023 and December 29, 2023; December 21, 2023 and January 31, 2024; and January 26, 2024 and February 14, 2024. (ECF Nos. 120, 134, 137.)

On February 14, 2024, Mr. Erickson filed a motion to sever, two motions to dismiss, and a motion for disclosure on Jasme's behalf. (ECF Nos. 140–43.) On March 11, 2024, the government filed its responses to these motions. (ECF Nos. 146–49.) Before the deadline for filing his reply brief, on March 20, 2024, Mr. Erickson became the latest counsel to move to withdraw. (ECF No. 152.) In conjunction with his motion, he also asked the Court to suspend the deadline for replying in support of Jasme's pending motions. (*Id*.) On March 21, 2024, Judge Duffin denied Mr. Erickson's requests. (ECF No. 153.) On March 25, 2024, Mr. Erickson filed replies in support of the previously filed motions. (ECF Nos. 156–59.)

On April 3, 2024, Judge Duffin issued an order denying Jasme's motion to sever and motion for disclosure. (ECF No. 160.) On the same date, Judge Duffin also issued a "Report and Recommendation" that Jasme's motions to dismiss be denied. (ECF No. 161.) With Judge Duffin's report, the referral of Jasme's case to the magistrate judge ended, although other

defendants' cases remained with the magistrate judge. Shortly after Magistrate Judge Duffin rejected Jasme's pretrial motions, co-defendant Zuniga finally made his initial appearance and was arraigned before Judge Duffin. (ECF No. 163.) Zuniga was the last defendant named in the superseding indictment to be arraigned.[2]

On April 19, 2024, Mr. Erickson filed a renewed motion to withdraw as Jasme's counsel. (ECF No. 173.) While that request was pending, on April 22, 2024, Mr. Erickson filed objections to Judge Duffin's Report and Recommendation. (ECF No. 174.) On May 2, 2024, this Court held a hearing on Mr. Erickson's motion to withdraw. (ECF No. 184.) After discussing with Jasme the limitations on his right to appointment of new counsel, the Court gave him seven days to reconsider his request. (*Id.*) On the same date, the government filed its response to Mr. Erickson's objections to Judge Duffin's Report and Recommendation. (ECF No. 183.) On May 8, 2024, Mr. Erickson filed a letter confirming that Jasme still wanted new counsel. (ECF No. 186.) The next day, the Court granted Mr. Erickson's motion to withdraw and, although Jasme was not entitled to further appointed counsel, directed Federal Defender Services of Wisconsin to appoint yet another lawyer for him. (ECF No. 187.) On May 20, 2024, Jeffrey Jensen entered an appearance as Jasme's counsel, (ECF No. 188), and filed a motion to extend the deadline to reply in support of Jasme's objections to Judge Duffin's Report and Recommendation. (ECF No. 189.) The Court granted Mr. Jensen's motion the same day, moving the deadline to June 24, 2024. (ECF No. 190.)

At a May 30, 2024 counsel-only status conference, the Court noted that Jasme's pretrial motions were still pending and that it would schedule another counsel-only status conference once the Court ruled on the motions. (ECF No. 193.) On June 23, 2024, Mr. Jensen filed a reply in support of the previously filed objections to Judge Duffin's Report and Recommendation. (ECF No. 196.)

At a July 3, 2024 counsel-only status conference for Mompremier and Gonzalez-Amparo, the Court noted that trial was delayed because Jasme's pretrial motions remained pending and Zuniga's case was still before the magistrate judge. (ECF No. 200 at 1.) The government informed the Court that draft plea agreements had been provided to counsel for Mompremier and Gonzalez-Amparo and requested additional time to complete plea negotiations. (*Id.*) The Court scheduled another counsel-only status hearing for July 30, 2024 and, without objection, excluded the time

---

[2] The government has indicated it does not anticipate that co-defendant Ysa Dieudonne will be extradited from Haiti any time soon given the ongoing instability in that country. (ECF No. 114 at 1.)

between July 3, 2024 and July 30, 2024 under the Speedy Trial Act as serving "the ends of justice." (*Id.* at 1–2.)

At a July 30, 2024 counsel-only status conference, the government reported that a plea agreement had been provided to counsel for Gonzalez-Amparo, and that plea negotiations were ongoing with Mompremier and Zuniga. (ECF No. 204 at 1.) Counsel for Mompremier indicated that he was communicating the government's plea offer to his client through an interpreter and requested an additional thirty days. (*Id.*) Counsel for Zuniga reported he was also negotiating to resolve the case and requested an additional sixty days. (*Id.*) Counsel for Gonzalez-Amparo did not appear and this Court scheduled another counsel-only status hearing for September 30, 2024. (*Id.* at 1–2.) Without objection, the Court excluded the time between July 30, 2024 and September 30, 2024 under the Speedy Trial Act as serving "the ends of justice." (*Id.* at 2.)

On September 25, 2024, the Court issued an order overruling Jasme's objections, adopting Judge Duffin's "Report and Recommendation," and denying Jasme's pretrial motions. (ECF No. 218.) The Court then set a counsel-only status conference including Jasme's counsel for September 30, 2024. (ECF No. 220) At that counsel-only status conference, the Court noted that Gonzalez-Amparo had pleaded guilty and that a plea agreement had been filed in Mompremier's case. (ECF No. 222.) The government reported that it was prepared to proceed with plea negotiations with the remaining defendants and that a draft plea agreement had been provided to counsel for Zuniga. (*Id.*) Counsel for Zuniga confirmed receipt of the plea agreement and stated that his client's case was in a resolution posture. (*Id.*) Given the recent adverse rulings on Jasme's pretrial motions, Mr. Jensen noted that the "landscape of the case had changed" and requested a status conference in sixty days so that he could confer with his client. (*Id.*) The Court scheduled another counsel-only status hearing for December 6, 2024 and excluded the time between September 30, 2024 and December 6, 2024 under the Speedy Trial Act as serving "the ends of justice," again without objection. (*Id.*)

On October 25, 2024, Mr. Jensen filed a motion to withdraw as Jasme's counsel. (ECF No. 230.) The Court held a November 20, 2024 hearing on this motion and, at the conclusion of the hearing, Jasme agreed to continue working with Mr. Jensen, who then withdrew his motion. (ECF No. 236.) Jasme changed his mind, and, on November 27, 2024, Mr. Jensen filed a second motion to withdraw. (ECF No. 237.) On the same day, Jasme filed a motion to proceed *pro se*. (ECF No. 238.)

The government's efforts to resolve the cases against Jasme's co-defendants continued. At a December 6, 2024 counsel-only status conference, the government and Zuniga's counsel again reported that Zuniga's case was in a resolution posture. (ECF No. 240 at 1.) With the likely resolution of all the co-defendants' cases, the Court set Jasme's case for trial commencing several months out, on June 23, 2025. (*Id.* at 1–2.) The Court noted it was setting the trial date in late June given the need to resolve Jasme's representation issues, the government's need to arrange for the appearance of both out-of-district and out-of-country witnesses for an anticipated two-week trial, and the need to accommodate the schedules of both the Court and counsel (including Mr. Jensen, who agreed to serve as standby counsel should the defendant proceed *pro se*). (*Id.*) The Court, without objection, excluded the time between December 6, 2024 and June 23, 2025 under the Speedy Trial Act as serving "the ends of justice." (*Id.* at 2.)

On January 8, 2025, the Court held a hearing on Mr. Jensen's renewed motion to withdraw and again encouraged Jasme to work with Mr. Jensen on his defense. (ECF No. 244.) The Court determined that the identified disagreements between Jasme and Mr. Jensen, like Jasme's prior disagreements with Mr. Erickson, were issues of case strategy generally falling within the province of counsel. The Court also reiterated its comments from the May 3, 2024 and November 20, 2024 hearings that Jasme did not have an unlimited right to appointed counsel. The Court made clear that its patience was at an end and Jasme had come to the point where he must either work with Mr. Jensen or represent himself. The Court also discussed the limited role Mr. Jensen would play if he withdrew and served as standby counsel. When faced with the decision to proceed *pro se* or work with Mr. Jensen, Jasme relented and agreed to work with his appointed counsel. (*Id.* at 1.) At the conclusion of that hearing, the Court warned Jasme that if he was unable to work with his attorney, the Court would permit Mr. Jensen to withdraw and Jasme would have to represent himself, with Mr. Jensen serving as mere standby counsel.

Just one week after the hearing, on January 15, 2025, Mr. Jensen filed his third motion to withdraw, reporting that Jasme had again instructed him to withdraw as counsel. (ECF No. 247.) On February 18, 2025, the Court granted Mr. Jensen's motion and ordered Jasme to proceed *pro se* with Mr. Jensen appointed as standby counsel. (ECF No. 256.) That same day, Jasme filed his *pro se* motion to dismiss for violations of his statutory and constitutional speedy trial rights. (ECF No. 257.) Jasme's jury trial remains scheduled to begin on June 23, 2025.

# ANALYSIS

The Speedy Trial Act mandates that criminal trials commence within seventy (70) days of the issuance of an indictment or a defendant's first appearance before a judicial officer, whichever occurs later. 18 U.S.C. § 3161(c)(1). If a defendant is not brought to trial within the time limit required by Section 3161, the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). The Act, however, excludes certain periods of time from the seventy-day clock to provide the flexibility to accommodate necessary pretrial proceedings that result in justifiable delay. § 3161(h)(1)–(8). The Act provides that "[a]ny period of delay resulting from a continuance . . . [is excluded] if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In a case with multiple defendants, an excludable delay attributable to one defendant is excludable as to all of his co-defendants. *United States v. Mustread*, 42 F.3d 1097, 1106 (7th Cir. 1994) (citing *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir. 1991)).

Where, as here, the defendant is jointly charged with co-defendants, the speedy-trial clock starts when the last co-defendant is indicted or arraigned, so long as the intervening delay is "reasonable." *United States v. O'Connor*, 656 F.3d 630, 635 (7th Cir. 2011) (citing 18 U.S.C. § 3161(h)(6)). The Seventh Circuit has long held that, under Section 3161(h)(7) "the excludable delay of one defendant may be ascribed to all codefendants in the same case, absent severance." *United States v. Dennis*, 737 F.2d 617, 620–21 (7th Cir. 1984) (citations omitted). Because Congress has indicated its preference for joint trials and its willingness to approve liberal delays resulting from the joinder of co-defendants in trial, *United States v. Scott*, 784 F.2d 787, 790 (7th Cir. 1986), the Speedy Trial Act excludes from the 70-day time requirement a "reasonable period of delay" when a co-defendant with whom the defendant is joined for trial fulfills two criteria: (1) the time for trial as to that co-defendant has not run; and (2) no motion for severance has been granted. § 3161(h)(6). In addition, delays caused by pending pretrial motions are automatically excluded under Section 3161(h)(1)(D). "In order to determine whether a defendant has been deprived of his speedy trial right, [the Seventh Circuit] assess[es] whether the delay before trial was uncommonly long, whether the government or the criminal defendant bears more of the blame for that delay, whether the defendant asserted his right to a speedy trial in due course, and the extent of prejudice that the defendant suffered as a result of the delay." *United States v. Patterson*,

872 F.3d 426 (7th Cir. 2017) (*citing Doggett v. United States*, 505 U.S. 647, 651 (1992)). In this case, Jasme's speedy trial motion is without merit as the speedy trial clock has yet to run and there has been no violation of the Speedy Trial Act.

I.     **Jasme's Speedy Trial Act Challenge Is Without Merit.**

As the Court's lengthy factual and procedural background recitation makes clear, nearly all the time from the commencement of this case until the scheduled June 23, 2025 trial date has been specifically tolled or excluded under the Speedy Trial Act. Since his initial appearance, Jasme has, through counsel, either requested continuances or acquiesced to co-defendants' requested continuances, all of which were accompanied by "ends of justice" findings. *See United States v. Wasson*, No. 06-CR-20055, 2009 WL 383447, at *3 (C.D. Ill. Feb. 13, 2009) (finding no Speedy Trial Act violation where defendant either requested or did not object to continuances accompanied by "ends of justice" findings). At least some of these findings were likely unnecessary or redundant, but the record confirms they were properly made and are adequately supported by the circumstances of this long-pending and complex case.

Other than a single exclusion, which will be discussed below, Jasme does not appear to challenge the specific bases for *any* of the continuances. Instead, he argues that none of them should apply because he did not give his personal consent. This misunderstands the law. Jasme's personal consent was not required because his counsel consented to the exclusions. The Seventh Circuit has held that a district court may exclude time resulting from a continuance granted "at the request of the defendant or his counsel or at the request of an attorney for the Government." *See United States v. Hills*, 618 F.3d 619, 626 (7th Cir. 2010); § 3161(h)(7)(A). Because Jasme was represented, his counsel's consent to the exclusions is and was sufficient. Moreover, even if his counsel had refused to consent or affirmatively objected to any of the numerous speedy trial findings, the record amply supports the Court's exclusions of time in this long-pending and complex case.

As an initial matter, many of the exclusions were probably unnecessary. As previously noted, on November 8, 2022, the government obtained a superseding indictment naming additional defendants and including an additional charge against Jasme. (ECF No. 38.) This filing not only restarted the speedy trial period for Jasme and all the other co-defendants, but also tolled the speedy trial clock until the last defendant appears. *See United States v. Adams*, 625 F.3d 371, 377 (7th Cir. 2010). The only exception would be if the newly added co-defendants were improperly joined

or named as a pretext to delay trial. *Id.* at 378. But Jasme has never claimed this and there is nothing in the record that would support such a finding. Only seven months elapsed between the time of Jasme's initial appearance and the return of the superseding indictment; that is not an inordinately long time to name additional defendants given the alleged conspiracy's international scope, its numerous defendants, and the evidence being in multiple languages. *See id.* (concluding that adding defendant more than one year after original indictment was not unreasonable because the conspiracy had a wide geographic scope and many actors). Accordingly, the speedy trial clock restarted when Jasme was arraigned on the superseding indictment on November 22, 2022 and was tolled until Zuniga, the last defendant, had his initial appearance on April 11, 2024 in the Eastern District of Wisconsin. (*See* ECF No. 163.)

Neither Jasme nor any of his counsel made any speedy trial demands during this period. To the contrary, his counsel affirmatively consented to several speedy trial findings. Regardless, even if the speedy trial clock had not been tolled, Judge Duffin granted proper ends-of-justice continuances during the period between the return of the superseding indictment and Zuniga's arraignment.

Moreover, and perhaps most importantly, Jasme has only himself to blame for the delays in this case. Jasme's continued dissatisfaction and refusal to work with competent appointed and retained counsel have caused a large part of the delays he now complains about. Since his original arraignment, Jasme has had an extensive history of disagreements with appointed counsel, and, based on those disagreements, Jasme has repeatedly demanded that counsel withdraw due to his professed dissatisfaction with their efforts to represent him. (*See* ECF Nos. 54, 61, 106, 110, 152, 171, 173, 182, 191, 199, 230, 237, 247.) As noted in the Court's order granting Attorney Jensen's third motion to withdraw and allowing Jasme to proceed *pro se*, Jasme has received representation from six different appointed attorneys (Federal Defenders Gabriela Leija and Craig Albee; Attorneys Daniel Sanders and Morgan Minter from the firm of Hart Powell SC; Attorney Thomas Erickson; and Attorney Jeffrey Jensen). (ECF No. 256 at 2.) Jasme was also represented by his own retained counsel, Christopher Carson, for a brief period, but Carson's relationship with Jasme lasted barely four months, at which point Carson also sought Court permission to withdraw. (*Id.* (citing ECF No. 44).) Given the complexity of the case, the Court appropriately gave every newly-assigned defense counsel a meaningful opportunity to review the discovery and prepare their case. *See United States v. Cunningham*, 393 Fed. App'x 403, 405–06 (7th Cir. 2010) (concluding "ends

of justice" continuance to allow "new attorneys to familiarize themselves with" the defendant's case was proper). Indeed, it was in Jasme's interest for those continuances to be granted so that his counsel could get up to speed on the case and prepare for his defense. Jasme's own conduct in demanding that new counsel be appointed thus led to many of the delays and necessitated many of the speedy trial findings he now seeks to challenge.

In the end, Jasme offers a specific challenge to only one period of excluded time. He argues that the 42 days excluded by Judge Duffin from April 21, 2022 until June 1, 2022 were invalid. (ECF No. 257 at 2–3; ECF No. 266 at 3; ECF No. 267 at 2.) This argument fails because Judge Duffin's exclusion of the challenged time was proper. From the beginning of this case, all parties agreed that this case was complex, had voluminous discovery, and required significant time for trial preparation. Consequently, Judge Duffin properly concluded, pursuant to Section 3161(h)(7)(A), that the "ends of justice" were served by continuances. And he expressly relied upon acceptable reasons for excluding time, noting the complexity of the case and the need to provide counsel adequate time for preparation. *See* § 3161(h)(7)(B); *Hills*, 618 F.3d at 629 (concluding that case complexity and counsel's need for preparation were "proper reasons" for granting continuances and "suffice[d] to meet the requirements of § 3161"). Jasme's motion is without merit and will be denied.

**II.     Jasme's Sixth Amendment Right to a Speedy Trial Has Not Been Violated.**

Jasme also argues that he was deprived of his constitutional right to a speedy trial under the Sixth Amendment. (ECF No. 257 at 1.) This is a related but slightly different issue. "The constitutional right to a speedy trial is triggered when an indictment is returned against a defendant." *Hills*, 618 F.3d at 629 (citing *United States v. Arceo*, 535 F.3d 679, 684 (7th Cir. 2008)). When evaluating a constitutional speedy trial claim, the Court must consider the following four factors identified in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): "(1) the length of the delay, (2) the reasons for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) any prejudice the defendant suffered by the delay." *United States v. Gunter*, 77 F.4th 653, 655 (7th Cir. 2023) (quoting *United States v. Bell*, 925 F.3d 362, 376 (7th Cir. 2019)). When a defendant invokes his right to a speedy trial, he must provide some analysis under these factors. *Id.* at 657–58. If a defendant "fail[s] to develop his argument in any meaningful way, he has waived it." *Adams*, 625 F.3d at 378.

The government concedes that because more than a year has passed since the original indictment was returned in this case, a full analysis under *Barker* is warranted. (ECF No. 261 at 24 ("[D]elays of one year are presumptively prejudicial." (quoting *United States v. Saenz*, 623 F.3d 461, 464 (7th Cir. 2010))).) As the Supreme Court has emphasized, however, "the length of delay that [triggers] an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Barker*, 407 U.S. at 530–31. The length of delay in this case is justifiable for all the reasons previously expressed. This case involves a multi-year international drug-trafficking conspiracy, multiple defendants either extradited or expelled to the United States from Haiti and Colombia, and voluminous discovery, much of it requiring translation. The complexities of this case undercut any claim that Jasme's constitutional speedy trial rights have been violated. *See Saenz*, 623 F.3d at 463–65 (denying speedy trial claim with 20-month delay in complex drug-conspiracy case with many defendants); *Hills*, 618 F.3d at 629–33 (denying speedy trial claim in fraud case involving multiple defendants and two-year delay); *United States v. Oriedo*, 498 F.3d 593, 597–601 (7th Cir. 2007) (denying speedy trial claim despite twenty continuances, four superseding indictments, and delay of three years).

As for the second factor, "reasons for the delay," Jasme expressly excuses the government from responsibility for the delay by stating, "[t]he Government did not violate my 'Speedy Trial.'" (ECF No. 260 at 1.) But he fails to acknowledge that his own conduct, including his frequent demands for a change in counsel, resulted in the need for delays so that new counsel could get up to speed. *See United States v. Bell*, 925 F.3d 362, 376 (7th Cir. 2019) ("A defendant's lack of cooperation with counsel and change of counsel will also be weighed against the defendant."). The delay was almost entirely attributable to defense counsel's pretrial motions, Jasme's dissatisfaction with his various defense counsel, his repeated wish to change defense counsel, and the repeated delays precipitated by the newly-appointed defense counsel getting up to speed on this complex criminal drug conspiracy case. Further, throughout this case, Jasme's counsel either requested continuances or acquiesced in the continuances of others. *See Saenz*, 623 F.3d at 464–65 (concluding defendant's multiple continuance requests and failure to object to co-defendants' continuance requests weighed in favor of government).

As for the third *Barker* factor, Jasme first attempted to assert his right to a speedy trial on February 14, 2024, by filing a motion to sever. (*See* ECF No. 140.) This came more than two years after the return of the original indictment. The motion was properly denied by Judge Duffin,

who quoted *United States v. Spagnola*, 632 F.3d 981, 987 (7th Cir. 2011), noting that "[i]n all but the 'most unusual circumstances,' the risk of prejudice arising from a joint trial is 'outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all.'" (ECF No. 160 at 2.)

The final *Barker* factor requires the Court to determine if Jasme has been prejudiced by the delay. Jasme states in a conclusory manner that he has been "prejudiced from [his] health and mental health condition and the health and mental health of his family" and that he has "become blind in his left eye" while incarcerated. (ECF No. 257 at 4–5.) He makes no argument, however, that his actual defense has been prejudiced or impaired in any way. Accordingly, the Court's review of the *Barker* factors demonstrates that Jasme's constitutional right to a speedy trial has not been violated.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's *Pro Se* Motion to Dismiss, ECF No. 257 is **DENIED.**

Dated at Milwaukee, Wisconsin on April 21, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge