UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 21-cr-0198-bhl-3

JEAN ELIOBERT JASME,

        Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

      On June 6, 2025, Jean Eliobert Jasme appeared before this Court and pleaded guilty to knowingly and intentionally conspiring to distribute 500 grams or more of cocaine with reasonable cause to believe that such controlled substance would be unlawfully imported into the United States. (ECF No. 289.) Jasme entered his plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties agreed to make a binding joint recommendation that the Court impose a sentence of one hundred and eight (108) months' imprisonment. (ECF No. 286.) At the plea hearing, the Court approved the plea agreement and noted that the Court had bound itself to imposing the recommended sentence. (ECF No. 289.) On September 18, 2025, the Court sentenced Jasme to one hundred and eight (108) months' imprisonment and entered judgment. (ECF No. 323.) Jasme filed a notice of appeal four days later, (ECF No. 326), and his direct appeal is currently pending before the United States Court of Appeals for the Seventh Circuit.

      Less than two months after his sentencing, Jasme has filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A). (ECF No. 343.) Jasme is currently housed at the Metropolitan Correctional Center (MCC) in Chicago, Illinois. (*Id.* at 1); *see also* Find an Inmate, Federal Bureau of Prisons *available at* https://www.bop.gov/inmateloc/ (last visited 11/14/25). He claims his circumstances warrant release because he has high blood pressure, high cholesterol and "prostate issues, including terminal eyesi[gh]t." (ECF No. 343 at 4). Jasme also claims he is "being denied basic medical care." (*Id.* at 5.)

Given his pending appeal, this Court would generally not have jurisdiction to consider his motion. *See United States v. Ramer*, 787 F.3d 837, 838 (7th Cir. 2015) ("Ordinarily, filing a notice of appeal divests a district court of jurisdiction."); *see also United States v. McHugh*, 528 F.3d 538, 540) (7th Cir. 2008) ("[A] district court may not interfere with [the appellate] court's jurisdiction by amending a decision that is under appellate review."). Federal Rule of Criminal Procedure 37(a) gives the Court three options when presented with this situation: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *See United States v. Barrett*, 834 F. App'x 264, 265 (7th Cir. 2021) (confirming that a district court had jurisdiction to deny a motion for compassionate release based on Federal Rule of Criminal Procedure 37(a)(2)). Because the record confirms that Jasme is not entitled to compassionate release, the Court will deny his motion.

**ANALYSIS**

The Court's consideration of a compassionate release motion is a multi-step process. The statute allows the Court to modify a term of imprisonment based on a defendant's motion if two conditions are met. First, the defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or show a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §3582(c)(1)(A). Second, the defendant must demonstrate that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Sanford*, 986 F.3d 779, 781-82 (7th Cir. 2021) ("the defendant must first present his request for compassionate release to the warden and exhaust administrative appeals (if the request is denied) or wait 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier") (internal quotations omitted). Only if it finds the exhaustion requirement satisfied does the Court then determine whether there are "extraordinary and compelling reasons" warranting a reduction in the defendant's sentence, consistent with the sentencing factors set forth in 18 U.S.C. §3553(a). Although "the exhaustion requirement in §3582(c)(1)(A) is an affirmative defense, not a jurisdictional prerequisite," *Sanford*, 986 F.3d at 782, the Court will not read clear requirements out of the statute and will not entertain a compassionate release motion before the institution has had a chance to address it. *See United States v. Williams*, 987 F.3d 700, 703-04 (7th Cir. 2021)

(noting that the requirement of exhaustion "afford[s] prisons an opportunity to address issues before they are brought to federal court" and "provide[s] the Bureau [of Prisons] with the information necessary to move for release on a defendant's behalf" if the Bureau so determines).

Jasme's motion can be denied because he has not exhausted his administrative remedies. Indeed, although he acknowledges that he is required to exhaust his administrative remedies, he describes his compliance as "filing a request to his warden or the district court in time lapse of 30 days." (ECF No. 343 at 4.) Jasme has not demonstrated that he made his compassionate relief request to the MCC warden or that any such request has been denied or not ruled upon for 30 days. To the extent Jasme thinks filing a request with this Court suffices, he is incorrect. Nothing in his filing suggests Jasme has followed the correct procedural path by raising this request first with the Bureau of Prisons or the warden. The Court could deny Jasme's motion on this ground alone.

Exhaustion aside, the Court would deny his motion on the merits. In addition to exhaustion, a defendant must also show "extraordinary and compelling reasons warrant[ing]" a sentence reduction. 18 U.S.C. §3582(c)(1)(A). The reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," *id.*, including those set forth in recently amended Guideline Section 1B1.13. A district court has "discretion to evaluate multiple circumstances" and determine whether, collectively, they amount to an "extraordinary and compelling reason" for early release. *United States v. Vaughn*, 62 F.4th 1071, 1073 (7th Cir. 2023).

Guideline Section 1B1.13 explains that "extraordinary and compelling reasons exist" when:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>     (i) suffering from a serious physical or medical condition,
>     (ii) suffering from a serious functional or cognitive impairment, or
>     (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. §1B1.13(b)(1)(A), (B), & (C). If the sentencing court is satisfied that an extraordinary and compelling reason exists, it must then consider whether the defendant "is not a danger" to others or the community, as provided in 18 U.S.C. §3142(g); U.S.S.G. §1B1.13(a). It must also take into account the sentencing factors set forth in 18 U.S.C. §3553(a), if applicable. 18 U.S.C. §3582(c)(1)(A).

Jasme has not shown extraordinary or compelling circumstances. He claims he has high blood pressure, high cholesterol and "prostate issues, including terminal eyesi[gh]t." (ECF No. 343 at 4). Jasme further alleges that he is "being denied basic medical care." (*Id.* at 5.) These assertions are insufficient to warrant early release. They are not substantial, serious or life-threatening. They are common medical concerns for men of Jasme's age. Jasme has submitted no evidence that he suffers from the type of severe terminal illness or other serious medical condition warranting relief under the compassionate release statute. To the extent Jasme has concerns about the quality of his medical care, he should raise those issues with Bureau of Prisons staff. Without proof of extraordinary circumstances, which he does not even allege, the Court does not find that Jasme's dissatisfaction with the medical care he is being provided is a proper basis for compassionate release.

Moreover, the applicable 3553(a) factors relevant at sentencing and at this juncture continue to demonstrate that Jasme ought to serve the entirety of the significantly below-guidelines sentence he received. The Court imposed a sentence of one hundred and eight (108) months' incarceration based on the parties' joint recommendation and agreement under Rule 11(c)(1)(C). Based on the sentencing record, the Court would have been hard-pressed to impose any sentence lower than the proposed amount, consistent with 18 U.S.C. §3553(a). At the sentencing hearing, the prosecution noted that Jasme was responsible for a "staggering" amount of controlled substances that entered this country. Jasme's criminal history also reflects significant prior drug trafficking. Granting Jasme's motion for release would seriously undermine the purposes of his sentencing.

If Jasme's condition worsens or he is able to provide the Court with evidence that substantiates a debilitated medical condition that substantially diminishes his ability to provide

self-care or a terminal illness, the Court will review a second motion for compassionate release, provided that the defendant has exhausted his administrative remedies at MCC Chicago. At this point, however, the Court will deny his motion for compassionate release.

**IT IS HEREBY ORDERED** that Jasme's Motion for Compassionate Release, ECF No. 343, is **DENIED**.

Dated at Milwaukee, Wisconsin on November 14, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge